1  Michael J. Gomez (State Bar No. 251571)
   mgomez@frandzel.com
2  Gerrick M. Warrington (State Bar No. 294890)
   gwarrington@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   1000 Wilshire Boulevard, Nineteenth Floor
4  Los Angeles, California 90017-2427
   Telephone: (323) 852-1000
5  Facsimile: (323) 651-2577

6  Attorneys for Preferred Bank

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **SANTA ANA DIVISION**

| In re | Case No. 8:25-bk-12319-SC |
|---|---|
| Tesoro Redlands DE, LLC, | Chapter 11 |
| Alleged Debtor. | **EVIDENTIARY OBJECTIONS TO THE DECLARATION OF IOANNIS XILIKAKIS IN SUPPORT OF THE PETITIONING CREDITORS' RESPONSE TO PREFERRED BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| | Date:    September 11, 2025<br>Time:    11:00 a.m.<br>Crtrm.:  5C<br>         411 West Fourth Street<br>         Santa Ana, CA 92701 |
| | Hon. Scott C. Clarkson |

5691575v1 | 050625-0783

1

EVIDENTIARY OBJECTIONS

Preferred Bank ("Preferred") submits these evidentiary objections to the Declaration of Ioannis Xilikakis ("Xilikakis Declaration"), which was submitted by the Petitioning Creditors in support of their Response (Dkt. 12) to Preferred's Motion for Relief from the Automatic Stay (Dkt. 6), and moves to strike the same for which an evidentiary objection is sustained.

| No. | Testimony | Objections/Motion to Strike |
|---|---|---|
| 1. | Xilikakis Declaration ¶ 2:8–14:<br><br>"Appraisal report dated February 10, 2022, prepared by BBG, Inc. . . . estimates the prospective market value of the Property (stabilized at market rents) as $65,200,000.00 (the 'Appraisal'). The Appraisal estimates the Property's market value as-is as $58,300,000.00. A true and correct copy of the Appraisal is attached hereto as '<u>Exhibit 1</u>.'" | **Lack of Foundation (Fed. R. Evid. 602)**<br>No foundation is provided for how the declarant obtained a copy of the appraisal and knows that it is a "true and correct copy." According to the introduction to the declaration, the declarant is merely a manager of one of the creditors of the Debtor. Further, the declarant has no personal knowledge to support the quoted testimony.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>The testimony is conclusory and consists of proposed expert testimony for which the witness has not been qualified.<br><br>**Hearsay (Fed. R. Evid. 802)**<br>The exhibit is hearsay without exception, and the testimony is double hearsay by referring to a document which has not been authenticated. Both should be excluded. |
| 2. | Xilikakis Declaration ¶ 3:16–17:<br><br>"The bankruptcy case was filed as a good-faith effort by Filing Creditors to protect their **secured** interests in the Debtor's Property." | **Lack of Foundation (Fed. R. Evid. 602)**<br>As for the testimony that the "Filing Creditors" are "secured," no foundation is provided for how the declarant knows that the "Filing Creditors" have secured claims. No documents demonstrating any kind of security interest have been submitted.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>The testimony is a legal conclusion about the good faith of the petitioning creditors. To the extent they are "secured," as the declarant asserts, they have other remedies to protect their collateral, and they may be ineligible to be petitioning creditors. *See* 11 U.S.C. § 303(b)(1) ("more than the value of any lien on property of the debtor securing such claims held by the holders of such claims...") |

| No. | Testimony | Objections/Motion to Strike |
|---|---|---|
| 3. | Xilikakis Declaration ¶ 4:18–21:<br><br>"On information and belief . . . the Debtor has significant equity in the Property, and because the Property is the Debtor's sole significant asset, sale of the Property is crucial for Debtor to pay its creditors and reorganize." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The declarant has not provided foundation for how he has personal knowledge to support the valuation testimony.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>The testimony consists of proposed expert testimony for which the witness has not been qualified and legal conclusions.<br><br>**Hearsay (Fed. R. Evid. 802)**<br>The testimony appears to be based on documents which have not been properly authenticated and which are hearsay, rendering the testimony hearsay. Testimony based on "information and belief" is hearsay as it is not personally known to the declarant. |
| 4. | Xilikakis Declaration ¶¶ 5–6:<br><br>"On information and belief, the Debtor has equity in the Property in the amount of $22,803,206.65. On information and belief, Movant has an equity cushion of $24,302,602.49, or 37.2% which is sufficient to provide adequate protection." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The declarant has not provided foundation for how he has personal knowledge to support the valuation testimony.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>The testimony consists of proposed expert testimony for which the witness has not been qualified and legal conclusions.<br><br>**Hearsay (Fed. R. Evid. 802)**<br>The testimony appears to be based on documents which have not been properly authenticated and which are hearsay, rendering the testimony hearsay. Testimony based on "information and belief" is hearsay as it is not personally known to the declarant. |
| 5. | Xilikakis Declaration ¶ 7:3-4:<br><br>"On information and belief, Debtor has an interested buyer for the Property, the sale of which will allow the Debtor to pay its creditors." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The declarant has not provided foundation for how he has personal knowledge to support the quoted testimony.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>The testimony is conclusory and consists of proposed expert testimony for which the witness has not been qualified.<br><br>**Hearsay (Fed. R. Evid. 802)**<br>Testimony based on "information and belief" is hearsay as it is not personally known to the declarant. |

| No. | Testimony | Objections/Motion to Strike |
|---|---|---|
| 6. | Xilikakis Declaration ¶ 7:10–13:<br><br>"On information and belief . . . Buyer remains interested in purchasing the Property, which purchase would be completed within 30 days." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The declarant has not provided foundation for how he has personal knowledge to support the quoted testimony. There is no indication how the declarant knows that the purported sale could be completed in 30 days.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>The testimony is speculative and consists of proposed expert testimony for which the witness has not been qualified.<br><br>**Hearsay (Fed. R. Evid. 802)**<br>Testimony based on "information and belief" is hearsay as it is not personally known to the declarant. |
| 7. | Xilikakis Declaration ¶ 7:13–17:<br><br>"Debtor's sale of the Property would allow the Debtor to pay its creditors, including Movant, and so it is in the interest of the Debtor's estate and all creditors that Debtor and Buyer be allowed to complete the contemplated sale of the Property." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The declarant has not provided foundation for how he has personal knowledge to support the quoted testimony.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>The testimony is speculative and consists of proposed expert testimony for which the witness has not been qualified. |

DATED: September 8, 2025

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: /s/ Michael J. Gomez
MICHAEL J. GOMEZ
Attorneys for PREFERRED BANK